AYRES, Judge.
This action in tort arises out of an automobile accident of July 24, 1966, in the State of Arkansas while the initial plaintiff, Homer Huff, and defendant James Wilson Norsworthy, residents of the State of Louisiana, were on a fishing expedition which required passage for a short distance through Arkansas. Huff was a guest passenger in an automobile which was owned and being driven by Norswor-thy. Also made defendant was Norswor-thy’s liability insurer. Subsequent to Huff’s demands having been placed at issue by defendants’ answer, plaintiff died from causes having no relationship to the accident, whereupon his three children, all majors, were substituted as parties-plaintiff. From a judgment rejecting their demands, plaintiffs appealed.
Negligence directed to Norsworthy includes charges usually made in cases of this character, such as a failure to maintain a proper lookout or to keep his vehicle under control and driving at an excessive rate of speed. Because of his dereliction in these respects, he is further charged with having driven his vehicle off the road into a tree and thus inflicting upon the initial plaintiff the injuries for which damages are now sought.
In weighing defendant’s acts and in considering whether they constituted fault on his part, plaintiffs submit that the law of Louisiana, where the parties resided, should be applied rather than the law of Arkansas where the accident occurred. In the latter state, because of its guest statute, Act No. 61 of 1935 (Arkansas Statutes, Sec. 75-915), the right to the recovery of damages in automobile accidents by guest passengers is much more restricted than in this State.
From the conclusion reached on the merits of this controversy, it is unnecessary to determine the question presented on the conflict of laws. In weighing defendant’s acts by the statutory principles of either state governing tort liability, the conclusion is inescapable that plaintiffs have failed to establish fault on the part of the defendant in the occurrence of the accident. Huff and Norsworthy were residents of the vicinities of Ida and Myra, communities located in the northern part of Caddo Parish, Louisiana. A fishing trip was contemplated on Horseshoe Lake, a lake formed *878 by a cutoff of Red River in north Caddo Parish, Louisiana. The water level of the lake was determined by that of the river. To determine whether the water level of the lake was favorable for their venture, Norsworthy picked Huff up at his residence and drove into Arkansas to get a view of the river’s water level. The road upon which the accident occurred was described as a narrow, one-way, graded dirt road with high shoulders. Norsworthy maintained a speed of 20-25 m. p. h. While so traveling, his front wheels encountered some loose dry dirt, whereupon the car swerved to the right, causing the right corner of the front bumper to strike a tree approximately a foot and a half away.
The contention of plaintiffs, as stated in counsel’s brief, is that the driver, without warning and for no apparent good purpose, drove off the road unerringly into the largest tree in the vicinity. The automobile and its occupants were decidedly over-matched; the tree withstood the impact admirably, but Huff did not. Subsequently, but without causal relationship to the accident, the tree was cut down; Huff was later killed.
Only one witness testified in this cause and that was defendant Norsworthy, whose testimony was taken by deposition. There is no showing whatsoever of any facts that would warrant a conclusion that his speed was excessive or that he was inattentive to his driving. The accident was precipitated by his front wheels encountering loose dry dirt, which caused the car to swerve to its right a distance of approximately a foot and a half and to strike the tree. The occurrence was so sudden and unexpected that the driver had neither time, distance, nor opportunity to take effective evasive action to avoid the accident.
The judgment appealed is, in our opinion, eminently correct and it is accordingly affirmed at plaintiffs-appellants’ costs.
Affirmed.